

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THI HOAI LIN NGUYEN,<br><br>                         Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br><br>                         Respondent. | Case No.  26-cv-3137-BJC-VET<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On August 27, 2025, Petitioner, a native and citizen of Vietnam, entered the United States without inspection near the San Ysidro Port of Entry in California seeking asylum. *See* ECF Nos. 1, 4. [1]  That same day, Petitioner was taken into Immigration and Customs Enforcement custody pursuant to 8 U.S.C. § 1225(b)(1)(B) and interviewed by an asylum officer.  ECF No. 4 at 2.  After receiving a positive credible fear determination, Petitioner was issued a Notice to Appear, which initiated removal proceedings.  *Id*.  On March 30, 2026, an immigration judge granted Petitioner withholding of removal under the

---

[1] Unless otherwise noted, the Court's citations are to the page numbers affixed by the CM/ECF system.

1

26-cv-3137-BJC-VET

Convention Against Torture. ECF No. 1 at 6. On April 29, 2026, the Department of Homeland Security (DHS) filed an appeal with the Board of Immigration Appeals (BIA) that triggered an automatic stay under 8 C.F.R. § 1003.6(a) while the BIA review is pending. *Id*. Petitioner remains detained at the Otay Mesa Detention Center. ECF No. 1 at 5.

On May 19, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate release or, in the alternative, a custody hearing before this Court. ECF No. 1 at 19. At a minimum, Petitioner requests that the Court order a bond hearing with additional safeguards. *Id*. at 20.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

Petitioner argues her detention without an individualized custody determination violates her right to due process because her detention has become prolonged. Respondents argue Petitioner's claim is jurisdictionally barred, she is lawfully detained, and her detention is not unconstitutionally prolonged.

**A. Jurisdiction**

Respondents contend Petitioner's claims arise from DHS's decision to commence removal proceedings and, therefore, her claims are jurisdictionally barred pursuant § 1252(g). Congress explicitly divested the court of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The provision is read narrowly and does

26-cv-3137-BJC-VET

not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti Discrimination Committee*, 525 U.S. 471 (1999)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)).

Petitioner's claim, which challenges her detention as unconstitutionally prolonged, is merely collateral to, but does not arise from the decision to commence and adjudicate proceedings. *See Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1104 (S.D. Cal. 2000) ("Petitioners' challenge to their indefinite detention is [ ] distinct from a petition that seeks review of the bond determination itself."); *Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'"). Accordingly, § 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims.

**B. Merits of Petition**

Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights. *See Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (listing cases). Additionally, the Supreme Court and the Ninth Circuit have recognized that indefinite prolonged detention of a noncitizen raises due process concerns.

*Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of [a] [noncitizen] would raise a serious constitutional problem."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Accordingly, this Court finds prolonged detention without a bond hearing raises due process concerns that are inextricably linked to the length of incarceration.

Petitioner argues her detention is unconstitutionally prolonged pursuant to the factors in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Respondent addresses the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022), in support of their argument that Petitioner is lawfully detained. The Court finds the multi-factor test from *Banda*, which includes the three factors from *Lopez*, is more suitable to determine the possible constitutional implications of Petitioner's ongoing detention without process. The *Banda* test considers

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id*. at 1106.

To date, Petitioner has been in custody for 11 months. While not a bright line rule, generally, courts "become extremely wary of permitting continued custody absent a bond hearing" after a petitioner is detained past a year. *Yagao v. Figueroa*, No. 17-cv-2224-AJB-MDD, 2019 WL 1429582 at *2 (S.D. Cal. Mar. 29, 2019) (quoting *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018)). Petitioner's detention is just a month under that timeframe. As such, this factor weighs in favor of finding Petitioner's detention implicates due process concerns.

The likely duration of future detention is neutral. Respondent's appeal is pending before the BIA. Depending on the result, however, Respondent may file an appeal with

the Ninth Circuit Court of Appeals, and Petitioner will likely remain in detention throughout the appeal.  Next, Petitioner is detained at Otay Mesa Detention Center, where conditions "are not dissimilar to criminal confinement." *Gao*, 805 F. Supp. 3d at 1111.  As such, this factor weighs in Petitioner's favor.  Also, because neither party has caused unreasonable delays, the delay factors are both neutral.  Finally, the Court is without sufficient information to determine whether Petitioner's proceedings will result in removal.  As such, the final factor is neutral.  On balance, the factors demonstrate Petitioner's ongoing detention is unreasonable, such that due process requires a bond hearing.  *Banda*, 385 F. Supp. 3d at 1118.

The petition is **GRANTED IN PART**.  The government shall provide the noncitizen with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless the noncitizen requests a continuance.  The government bears the burden of establishing by clear and convincing evidence that the noncitizen is a danger to the community or a flight risk if released.   The petition is otherwise **DENIED**.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  July 10, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-3137-BJC-VET